IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| B.N.S-M., | : |
| Petitioner, | : |
| v. | : Case No. 4:26-cv-24-CDL-AGH |
| | : 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, *et al.*, | : |
| Respondents. | : |

### ORDER

The Court received Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 on January 6, 2026 (ECF No. 1). In her petition, she alleges that she is being improperly detained under 8 U.S.C. § 1225(b)(2) instead 8 U.S.C. § 1226(a), which she contends is the provision applicable to her. Pet. ¶¶ 4-6, ECF No. 1. Because the case appeared to involve the same issues raised in *J.A.M. v. Streeval*, No. 4:25-CV-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025) and *P.R.S. v. Streeval*, No. 4:25-cv-330-CDL, 2025 WL 3269947 (M.D. Ga. Nov. 24, 2025), concerning whether the petitioner is properly detained under 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(a) the Court ordered Respondents to show cause why Petitioner's application for habeas relief should not be granted on that basis. Order, Jan. 7, 2026, ECF No. 3.

On January 15, 2026, Respondents responded to the show cause order and moved to dismiss Petitioner's application for habeas relief, acknowledging that while

1

she would be entitled to relief from § 1225(b)(2) detention if the legal reasoning of *J.A.M.* and *P.R.S.* were followed, "Petitioner is also mandatorily detained pre-final order of removal pursuant to 8 U.S.C. § 1226(c)." Resp'ts' Mot. to Dismiss 2, 6, ECF No. 6. In support, Respondents rely on the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), which amended 8 U.S.C. § 1226(c) to provide for mandatory detention of aliens charged, arrested, or convicted of various offenses, including shoplifting. 8 U.S.C. § 1226(c)(1)(E). The parties do not dispute that Petitioner has a pending shoplifting charge in Gwinnett County, Georgia. Resp'ts' Mot. to Dismiss 10; Pet'r's Resp. to Mot. to Dismiss 5, ECF No. 7.

In response to the motion to dismiss, Petitioner contends that mandatory detention under § 1226(c)(1)(E) without a conviction violates due process. Pet'r's Resp. to Mot. to Dismiss 5-9. However, in her petition, Petitioner does not assert a due process challenge to mandatory detention under 8 U.S.C. § 1226(c)(1)(E), presumably because she was unaware that Respondents would assert this provision as an alternate source of detention authority. Thus, in the case's current posture, the Court does not believe that the issue is properly before the Court. Therefore, if Petitioner wishes to amend her petition, she shall have fourteen (14) days to do so. Respondents shall have fourteen (14) days to file a responsive pleading to any amended petition, and Petitioner may file a reply within seven (7) days.

**SO ORDERED**, this 5th day of February, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

2